IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRY JACKSON,

                Plaintiff,                              OPINION AND ORDER

v.

                                                                23-cv-429-wmc

DON LEWANDOWSKI and
TERRY LEWANDOWSKI,

                Defendants.

---

This is a landlord-tenant dispute. The court, exercising diversity jurisdiction, granted plaintiff Terry Jackson, who is representing himself, leave to proceed on Wisconsin state law conversion and statutory civil theft claims. Dkt. 4, at 3-4. Discovery has been open for over a year, and the dispositive motion deadline is approaching. Dkt. 12. Before the court now is defendants' Don Lewandowski and Terry Lewandowski's discovery motion. Defendants ask the court to deem their requests for admission admitted because Jackson did not timely answer their requests. Dkt. 13. In response, Jackson belatedly provided answers to these requests for admission. Dkt. 16. Jackson also moves for assistance in recruiting counsel. Dkt. 20.

        I.        **Motion to Deem Requests for Admission Admitted**

Under Rule 36(a)(3), a request for admission "is admitted" unless the responding party serves a written answer or objection within 30 days. Fed. R. Civ. P. 36(a)(3). Defendants have shown that Jackson did in fact miss his 30-day deadline to respond, and Jackson does not dispute this account, so the court would be justified in granting the motion and deeming the requests admitted. Yet, Jackson is proceeding *pro se*, and the court

must consider that in finding a just solution.  Fed. R. Civ. P. 36(a)(3) (permitting the court to allow a party more than 30 days to respond to requests for admission); *Schlemm v. Wall*, No. 11-CV-272-WMC, 2016 WL 850816, at *2 (W.D. Wis. Mar. 2, 2016) (declining to deem defendant's requests for admission admitted when *pro se* plaintiff had missed response deadline).

In light of Jackson's *pro se* status and the stage of the case, the court finds the most equitable solution is to allow Jackson a final opportunity to respond and then adjust the dispositive motion deadline accordingly.  Thus, it is ORDERED:  Jackson is afforded a retroactive extension of time to submit appropriate responses to defendants' requests for admission, in accordance with the court's order below.  Jackson's updated responses to defendants' requests for admission are now due November 1, 2024.  To avoid defendants suffering prejudice from Jackson's delay, the dispositive motions deadline is reset to December 2, 2024.

The court is granting Jackson a reprieve, and he is now on notice:  Even though he represents himself, "discovery obligations are not optional." *Fletcher v. Wilkie*, No. 18-CV-456-JDP, 2020 WL 429478, at *2 (W.D. Wis. Jan. 28, 2020).  The court will not impose sanctions at this juncture, but if Jackson continues to shirk his discovery obligations, the court may impose sanctions "up to and including dismissal of the action." *Id.*  Although defendants have not raised other discovery issues in this motion, Jackson has also apparently not responded to defendants' other discovery requests.  Dkt. 17, at 1-2.  Going forward, the court expects Jackson to fulfill his discovery obligations without the court's involvement.

Turning to the substance of Jackson's responses to defendants' requests for admission, the court finds some of Jackson's belated responses sufficient and others not. Jackson is reminded that he must specifically admit or deny the requests—narrative responses are not a substitute. Fed. R. Civ. P. 36(a)(4). Construing Jackson's responses generously, the court finds his answers to Requests Nos. 1-4 sufficient, insofar as the court understands them to be admitting or denying the requests as follows:

> **Defendants' Request No. 1**: Admit or deny that You were evicted from the Real Estate by Don and/or Terry. **Plaintiff's Response**: Admit. Dkt. 16, at 2 ("Don Lewandowski evicted Jackson . . .").
>
> **Defendants' Request No. 2**: Admit or deny that You were evicted from the Real Estate for Your failure to pay rent due and owing for the Real Estate. **Plaintiff's Response**: Deny. *Id.* at 2-3 ("[w]hen Jackson was evicted, Jackson owed no monies to Lewandowski").
>
> **Defendants' Request No. 3**: Admit or deny that You were incarcerated when the eviction was filed. **Plaintiff's Response**: Admit. *Id.* at 3 ("Yes, Jackson was incarcerated").
>
> **Defendants' Request No. 4**: Admit or deny that You were given the opportunity to retrieve Your possessions from the Real Estate. **Plaintiff's Response**: Deny. *Id.* at 4 ("Jackson was never given any opportunity to retrieve any of his personal property at all.").

If Jackson disagrees with the court's characterization of his responses, he may update his answers by the new deadline.

But even applying a generous eye to Jackson's responses to Requests Nos. 5-8, the court finds these answers unresponsive. Fed. R. Civ. P. 36(a)(4). Jackson must answer these requests with one of these phrases: "Admit"/"Deny"/"Admit In Part"/"Deny In Part"/"Lack Knowledge or Information." Then, if necessary (typically when denying or

denying in part a request for admission), he should provide a brief explanation for his answer. If Jackson has further questions about answering requests for admission, he should review Federal Rule of Civil Procedure 36(a)(4) and the comments to Rule 36.

Finally, as to Request for Admission No. 8, Jackson should answer the request as rewritten below:

> **REQUEST NO. 8**: Admit or deny that Don and Terry did not keep any of Your possessions without Your consent.

The court struck "intentionally" because, as originally written, the request asked Jackson to admit the truth of a legal conclusion. *Bowes-N. v. Patel*, No. 2:22-CV-42, 2023 WL 6290585, at *7 (N.D. Ind. Sept. 26, 2023).

Jackson has until November 1, 2024, to answer defendants' requests for admission. The court will likewise extend the dispositive motions deadline to December 2, 2024. And, absent a showing of good cause, the court will grant no further extensions in this case.

II.     **Motion for Assistance Recruiting Counsel**

Jackson also moves for the court's assistance in recruiting him counsel, arguing that he cannot get justice without an attorney. Dkt. 20. The court may choose to recruit *pro bono* counsel for a *pro se* litigant in certain limited circumstances when the legal and factual difficulties of the case exceed the *pro se* litigant's abilities. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). However, even before deciding the merits of his request, the court must find that the litigant has made reasonable efforts to recruit an attorney on his own and has been unsuccessful. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). Jackson has not made this threshold showing, nor has he explained how the demands of this lawsuit are beyond his capabilities. Thus, the court will deny this motion

4

without prejudice. If Jackson chooses to renew his request, he must show: (1) reasonable efforts to recruit an attorney on his own, as explained above; and (2) how he is incapable of meeting the demands of this lawsuit.

ORDER

IT IS ORDERED that:

1) Defendants' motion to deem requests for admission admitted, dkt. 13, is DENIED.

2) Jackson must provide an updated response to defendants' request for admission by November 1, 2024.

3) The dispositive motions deadline is now December 2, 2024.

4) Jackson's motion for appointment of counsel, dkt. 20, is DENIED.

Entered this 18th day of October, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge