IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRY JACKSON,

                          Plaintiff,                    OPINION AND ORDER

        v.                                                  23-cv-429-wmc

DON LEWANDOWSKI and
TERRY LEWANDOWSKI,

                          Defendants.

Plaintiff Terry Jackson is representing himself and proceeding on Wisconsin state-law conversion and civil theft claims against his former landlords Don and Terry Lewandowski.[1]  Jackson alleges that the Lewandowskis initiated a "self-help" eviction, removed his personal property from the rental property, and did not give his personal property back after a state court vacated the eviction.  Defendants now ask the court to deem plaintiff bound by their eight requests for admission ("RFAs") because plaintiff failed to respond to them timely, as well as grant them summary judgment based on plaintiff's deemed admissions.  In the alternative, defendants ask for sanctions against plaintiff. Given plaintiff's repeated failures to respond to defendants' RFAs, even after a pointed reminder by the court of the consequences of failing to respond, the court will deem defendants' RFAs admitted and grant their motion for summary judgment.

---

[1] Defendants' motion for summary judgment indicates that Terry's last name is now "Killian." (Dkt. #23, at 1.)  For ease of reference, the court will refer to defendants as the "Lewandowskis."

BACKGROUND

In August 2024, the Lewandowskis moved to deem their RFAs admitted under Fed. R. Civ. P. 36 because Jackson had not timely responded.  (Dkt. #13.)  In response to the Lewandowskis' motion, Jackson filed what he purported to be responses to their RFAs. (Dkt. #16.)  Recognizing that plaintiff was representing himself, the court denied the Lewandowskis' motion, and afforded Jackson a retroactive extension of time to submit appropriate, updated responses to certain of their RFAs.  (Dkt. #21, at 2, 5.)  However, the court warned Jackson that, if he continued to shirk his discovery obligations, the court could impose sanctions.  (*Id.* at 2.)

As to the substance of Jackson's previous responses, the court further interpreted his answers to RFAs 1 through 4 as:

- Admitting that he was evicted from the Real Estate by Don and/or Terry.

- Denying that he was evicted from the Real Estate for his failure to pay rent due and owing for the Real Estate.

- Admitting that he was incarcerated when the eviction was filed.

- Denying that he was given the opportunity to retrieve his possessions from the Real Estate.

(*Id.* at 3.)[2]  However, the court found his answers to RFAs 5 through 8 non-responsive, allowing him until November 1, 2024, to update his answers.  (*Id.* at 4.)

OPINION

On November 11, 2024, defendants moved for summary judgment, representing that plaintiff had not provided an updated response to their RFAs, asking the court to

---

[2] In doing so, the court has adopted defendants' wording of the RFAs.

deem unanswered RFAs 5 through 8 admitted, and seeking summary judgment based on those admissions.  (Defs. Br. (dkt. #23) 2; O'Connor Aff. (dkt. #24) ¶ 5.)  About two weeks later, plaintiff filed purported, updated responses to the defendants' RFAs.  (Dkt. #25.)

Under Rule 36(a)(3), "a matter is admitted" unless the responding party serves a written answer or objection to a request within 30 days.  Fed. R. Civ. P. 36(a)(3).  Moreover, as the Seventh Circuit has explained, "[t]he failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

Plaintiff's *pro se* status neither allows him to ignore rules and procedural requirements nor excuses his failure to respond to the RFAs.  *See Nelson v. Wal-Mart, Inc.*, 63 F. App'x 920, 921-23 (7th Cir. 2003) (holding that requests for admission were properly deemed admitted because plaintiff did not respond to the requests); *In re Greene*, 310 F. App'x 17 (7th Cir. 2009) (citation omitted) (affirming district court decision to deem admitted requests for admission when *pro se* party did not timely respond).  That result is particularly appropriate when the court has already allowed plaintiff a second chance to comply with his discovery obligations.

Accordingly, the court will deem admitted defendants' RFAs 5 through 8 for the purposes of summary judgment.  Although plaintiff finally filed purported responses to defendants' RFAs on November 18, 2024, he did so only *after* defendants moved for summary judgment and weeks after his November 1 extended deadline to update his RFA

responses.[3]  Having now put defendants to the expense of moving for summary judgment based on his admissions, it would be unfair to defendants to allow plaintiff's failure to comply with his straightforward discovery obligations to prolong this case further.

Thus, the following facts are considered admitted and undisputed at summary judgment:

- Plaintiff did not retrieve his possessions from the Real Estate.

- Plaintiff chose not to retrieve his possessions from the Real Estate.

- Plaintiff was unable to retrieve his possessions from the Real Estate because he was incarcerated.

- Don and Terry did not keep any of his possessions without his consent.

(Dkt. #15-1, at 4 (listing RFAs).)  Defendants assert that they are entitled to summary judgement based on those admissions.[4]

Summary judgment is appropriate if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *Kasuboski*, 834 F.2d at 1350 (quotation marks omitted).

---

[3] Jackson also filed his own, untimely motion for summary judgment (dkt. #29) but later clarified that he intended that document to be his brief in opposition to summary judgment.  (Dkt. #32.)

[4] There is no dispute that plaintiff Jackson is a citizen of Illinois, and the defendant Lewandowskis are citizens of Wisconsin.  (Compl. (dkt. #1) 1-2.)  Further, plaintiff has claimed that his loss of property amounted to some $280,000 in losses, thus clearing the threshold for subject matter jurisdiction under § 1332, however dubious one might be of plaintiff's pleading.

As for plaintiff's claims for conversion and civil theft, a person is liable for conversion when he: (1) intentionally controls or takes property belonging to another; (2) without the owner's consent; and (3) resulting in serious interference with the owner's rights to possess the property. *H.A. Friend & Co. v. Prof'l Stationery, Inc.*, 2006 WI App 141, ¶ 11. Next, under Wis. Stat. § 895.446(1), a person may bring a civil action against someone who violated the criminal theft statute, Wis. Stat. § 943.20. In turn, Wis. Stat. § 943.20(1)(a) provides that a person who "[i]ntentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of such property" commits criminal theft.

By virtue of plaintiff's admissions, the court agrees that defendants are entitled to summary judgment on both the conversion and civil theft claims in light of his admission that defendants did not keep any of his possessions without his consent. In particular, although the court construed plaintiff's response to RFA 4 as denying that he was given the opportunity to retrieve his property from the Real Estate, that denial is not necessarily inconsistent with his deemed admission that defendants did not keep any of his possessions without his consent. Finally, because the court is granting summary judgment to defendants, it need not address their alternative motion for sanctions.

ORDER

IT IS ORDERED that:

1) Defendants Don and Terry Lewandowski's motion for summary judgment (dkt. #22) is GRANTED.

2) The clerk of court is directed to enter final judgment in defendants' favor and close this case.

Entered this 25th day of March, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge